IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICHARD DOUGLAS HYATT                                                                                          PLAINTIFF

v.                                              Civil No. 4:21-cv-4036

SHERIFF RUNION, et al.                                                                                      DEFENDANTS

### REPORT AND RECOMMENDATION

This case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the matter to the undersigned for the purpose of making a Report and Recommendation.

### I. BACKGROUND

Plaintiff filed his Complaint *pro se* on April 23, 2021, in the Eastern District of Arkansas. (ECF No. 1). On April 27, 2021, the matter was transferred to this Court. (ECF No. 2, 3). On April 29, 2021, Plaintiff was directed to return an *in forma pauperis* application and an Amended Complaint by May 20, 2021. (ECF No. 5, 6).

Plaintiff filed his Amended Complaint on May 21, 2021. (ECF No. 7). Plaintiff also filed an application to proceed *in forma pauperis* on May 21, 2021, which was granted on May 24, 2021. (ECF No. 8, 9).

Plaintiff is currently incarcerated in the Delta Regional Unit of the Arkansas Department of Corrections; however, the Amended Complaint concerns issues which occurred while he was incarcerated at the Miller County Detention Center. (ECF No. 7). Plaintiff names as Defendants

1

Miller County Sheriff Runion, Warden Walker, Lieutenant Miller, and an unnamed female kitchen sergeant. *Id*.

Plaintiff's first claim is stated against Sheriff Runion, Warden Walker, Lt. Miller, and the kitchen sergeant, with a date of occurrence of April 12, 2021. Plaintiff states his claim is for "taking my stuff in prison black bag . . . white boxers, socks, under shirts white, T-shirts white, all my hygiene, Bible, etc. commissary I had that I could've taken back to prison . . ." (ECF No. 7 at 4). In the paragraph of the complaint form which asks Plaintiff to describe the custom or policy that he believes caused violation of his constitutional rights, Plaintiff states: "They violated my 8th Amendment, and 14th Amendment 'nor cruel and unusual punishments inflicted' I did without my cloths, hygiene products to stay clean, and my commissary, etc. my 'harassment' against kitchen Sgt. (female) over a peanut butter sandwich that Warden Walker told her to make for me . . ." (ECF No. 7 at 5). Plaintiff further states that the items were taken from him when he got sent back to "prison 4/12/2021 6:30 a.m. from Miller County, Texarkana, Arkansas." (ECF No. 7 at 9).

Plaintiff's second claim is stated against the unnamed kitchen sergeant, with a date of occurrence of April 9, 2021. (ECF No. 7 at 5). Plaintiff alleges that the Defendant violated his 8th and 14th Amendment rights and that the Defendant "talk bad about me and Mike Bowles 309 working with me. About the peanut-butter sandwiches, and to the other 309's." *Id*.

Plaintiff's third claim is again for "denial of getting my stuff" and harassment and lists both April 9 and April 12, 2021 as the dates of occurrence. (ECF No. 7 at 6). The allegations in the third claim appear to duplicate and combine the first and second claims. *Id*.

Plaintiff attaches additional pages to his Amended Complaint, specifically listing the items he states were taken from him and a narrative of the alleged verbal harassment by the unnamed sergeant. (ECF No. 7 at 8-11).

Plaintiff seeks both compensatory and punitive damages as relief for his claims. He seeks money damages for the items he alleges were taken from him, and $150.00 for pain and suffering. (ECF No. 7 at 7).

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

### A. Deprivation of Property

The Due Process Clause of the Fourteenth Amendment provides that "'[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law.'" *Walters v. Wolf*, 660 F.3d 307, 311 (8th Cir. 2011) (quoting U.S. Const. Amend. XIV, § 1). "Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property

3

interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976) (internal quotation marks omitted). "In some circumstances . . . the Court has held that a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." *Zinermon v. Burch*, 494 U.S. 113, 128 (1990). Specifically, when the deprivation is the result of a random and unauthorized act and not pursuant to some established governmental procedure, the Court has held that "adequate postdeprivation remedies satisfy the requirements of due process." *Walters*, 660 F.3d at 312 (citations omitted). "The loss of property . . . is in almost all cases beyond the control of the [government], in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." *Id*.

The Plaintiff contends personal property items were taken from him when he was transferred "back to prison" from the Miller County Detention Center. The Plaintiff points to no established procedure that resulted in the deprivation. Even if one or more of the Defendants intentionally deprived Plaintiff of his property, a post-deprivation remedy is all the process Plaintiff is due. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available). Arkansas law provides such a post-deprivation remedy through an action for conversion. *See e.g., Elliott v. Hurst*, 817 S.W.2d 877, 880 (Ark. 1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Because Plaintiff has a recognized state remedy, an action for conversion, no cognizable due process or other constitutional claim for deprivation of personal property is stated.

### B. Harassment

The law is also clear with respect to Plaintiff's claims concerning "harassment" from the

kitchen sergeant. "Verbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O' Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation).

Plaintiff's claims based on harassment fail because they are not cognizable under § 1983.

### IV. CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Amended Complaint be dismissed without prejudice.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this 1st day of June 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE